UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENTON LYDELL GABRIEL,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:21-cv-00390-JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 2)<br><br>ORDER DIRECTING THE CLERK TO ISSUE SUMMONS, SOCIAL SECURITY CASE DOCUMENTS, AND SCHEDULING ORDER |

Trenton Lydell Gabriel seeks to proceed *in forma pauperis* with an action for judicial review of the administrative decision denying an application for Social Security benefits. Pending before the Court are the complaint (Doc. 1) and motion to proceed *in forma pauperis* (Doc. 2). For the following reasons, the Court finds issuance of the new case documents is appropriate.

**I.      Proceeding *in forma pauperis***

The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court reviewed the financial status affidavit (Doc. 2), and finds the requirements of 28 U.S.C. § 1915(a) are satisfied. Therefore, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

///

## II. Screening Requirement

Once a plaintiff is authorized to proceed *in forma pauperis*, the Court must then review the case and shall dismiss the case at any point, regardless of any fee already paid, if "the allegation of poverty is untrue; or . . . the action or appeal . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). For purposes of § 1915, a complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Pratt v. Sumner,* 807 F.2d 817, 819 (9th Cir. 1987). The purpose of the "frivolous standard" is to "discourage wasting of judicial resources and "baseless lawsuits." *Neitzke,* 490 U.S. at 327.

## III. Pleading Standards

As established by the Federal Rules of Civil Procedure, a pleading must meet three requirements in order to state a claim of relief. A pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A pleading is required to set forth plausible grounds, which is enough to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court noted this requires more than a "mere possibility", but less than a probability. *See id.* at 556-58 ("Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.").

"Bare assertions" and "conclusory allegations" border the line between possibility and plausibility, and are, thus, insufficient. *Id.* at 556-57. The Supreme Court established a two-step process in determining plausibility: (1) the reviewing court must "draw on its judicial experience and common sense" to determine conclusory pleadings are not entitled to the "assumption of truth"; and (2) "assume the[ ] veracity" of "well-pleaded factual allegations" in determining whether they plausibly entitle the pleader to relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

Despite the plausibility requirement, specific factual allegations are not required at the pleading stage, only that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002) ("[U]nder a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case . . .").

## IV.    Discussion and Analysis

Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability benefits. (Doc. 1) The Court may have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id*. Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h).

Plaintiff seeks to appeal the final administrative decision denying an application for benefits. (Doc. 1 at 1) Plaintiff reports the Appeals Council issued a notice that granted a 30-day extension to file a civil action on February 20, 2021. (*Id.* at 1-2) Thus, any request for judicial review was to be filed no later than March 27, 2021.  Because Plaintiff initiated this action by filing a complaint prior to that date, the request for judicial review was timely under 42 U.S.C. § 405(g).

## V.    Conclusion and Order

Plaintiff's complaint states a cognizable claim for review of the administrative decision denying Social Security benefits.  Based upon the foregoing, the Court **ORDERS**:

1.    Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;

2.    The Clerk of Court is **DIRECTED** to issue summons as to Andrew Saul, Commissioner of Social Security;

3.    The Clerk of Court is **DIRECTED** to issue and serve Plaintiff with Social Security Case Documents, including the Scheduling Order, Order regarding Consent, the Consent Form, and USM-

285 Forms;

    4.    The U.S. Marshal is **DIRECTED** to serve a copy of the complaint, summons, and this order upon the defendant as directed by Plaintiff in the USM Forms; and

    5.    After service, the matter will remain **STAYED** pursuant to General Order 615, until the administrative record is filed or further order of the Court lifting the stay.

IT IS SO ORDERED.

    Dated:   **March 16, 2021**             **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE