UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENTON LYDELL GABRIEL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.  1:21-cv-00390-CDB (SS)<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>(Doc. 28) |

　　　　Pending before the Court is the motion for attorney's fees of Plaintiff Trenton Lydell Gabriel ("Plaintiff") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 28).[1]  Defendant the Commissioner of Social Security ("Defendant") did not file an opposition to the motion and the time within which to do so has passed.  *See* Local Rule 230.[2] Plaintiff requests an award of attorney's fees to counsel for Plaintiff, Jonathan O. Pena.  *Id*.

　　　　On August 31, 2023, the Court issued an order remanding this action for further proceedings under sentence four 42 U.S.C. § 405(g).  (Doc. 26).  The Court found "the ALJ discussed the relevant medical evidence 'but failed to link' Plaintiff's testimony to the medical record and explain how that evidence contradicted his testimony." *Id*. at 16 (citation omitted).

---

[1] Both parties have consented to the jurisdiction of a magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1). (Doc. 11).

[2] The Court construes Defendant's conduct as a non-opposition. *See* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.").

1

Thus, the Court held the ALJ's failure to set forth clear and convincing reasons supported by substantial evidence constituted legal error. *Id*. at 17-18. That same day, judgement was entered in favor of Plaintiff against Defendant. (Doc. 27). On November 29, 2023, Plaintiff filed the pending motion for attorney fees. (Doc. 28).

Plaintiff requests an award of attorney fees as the prevailing party. *Id*.; *see Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who prevails in a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). Plaintiff's request is timely. *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." *Id*. To be "substantially justified," the government's litigation position and the underlying agency action must have a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Ibrahim v. DHS*, 912 F.3d 1147, 1167 (9th Cir. 2019) (en banc). A determination that an ALJ's decision "was unsupported by substantial evidence is therefore a strong indication that the 'position of the United States'…was not substantially justified." *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005). Because "substantial evidence" is a "deferential…standard of review" and refers to "such relevant evidence as a reasonable person might accept as adequate to support a conclusion," a finding that substantial evidence is lacking usually means "the government's underlying action was not substantially justified." *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013). Here, the Court determined the ALJ's decision was not supported by substantial evidence. (Doc. 26 at 17-18). Moreover, the Commissioner has not responded to Plaintiff's motion and there are no special circumstances that would make an award unjust. Accordingly, Plaintiff is eligible for EAJA fees.

Having determined that Plaintiff is eligible for EAJA fees, the Court must determine what fee is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990). Plaintiff requests an award of $4,618.92. (Doc. 28 at 1). Counsel for Plaintiff avers he worked on the case for 1.9 hours in

2021, and 17.9 hours in 2022. (Doc. 28-1). Counsel for Plaintiff requests hourly rates consistent with the Ninth Circuit's list of the statutory maximum hourly rates in 2021 ($217.54), and 2022 ($234.95). *Id.*; *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005).[3] The Court has reviewed the docket and finds this amount reasonable and commensurate with the number of hours an attorney reasonably would need to have spent working on this case. Specifically, counsel for Plaintiff reviewed a voluminous certified administrative record (605 pages), prepared a motion for summary judgment raising one issue for review, reviewed and researched Defendant's opposition, and prepared and filed a reply brief. (Docs. 12, 18, 22-23). With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further administrative proceedings. (Docs. 26-27).

EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's motion for attorney's fees pursuant to EAJA (Doc. 28) is GRANTED;

2. The Commissioner is directed to pay to Plaintiff as the prevailing party attorney fees in the amount of $4,618.92. Unless any offsets are applied under TOP, the government shall make payment of the fees to Plaintiff's counsel Jonathan O. Pena in accordance with Plaintiff's assignment of fees and subject to the terms of the stipulation.

IT IS SO ORDERED.

Dated:   **December 19, 2023**

UNITED STATES MAGISTRATE JUDGE

---

[3] *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited December 19, 2023).